# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

IN RE MOTION TO COMPEL
COMPLIANCE WITH RULE 45
SUBPOENA ISSUED TO ETHICARE
ADVISORS, INC.

Civil Action No. 2:20-cv-01886

*DOCUMENT FILED ELECTRONICALLY*

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO COMPEL COMPLIANCE WITH RULE 45 SUBPOENA
## ISSUED TO ETHICARE ADVISORS, INC.

Jeffrey A. Carr
Jason J. Moreira
**PEPPER HAMILTON LLP**
301 Carnegie Center, Suite 400
Princeton, NJ 08543

Jennifer S. Lewin
**KING & SPALDING LLP**
1180 Peachtree Street N.E.
Atlanta, GA 30309-3521

*Attorneys for Plaintiffs*

Dated:  February 21, 2020

## TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................... 1

II.     BACKGROUND ..................................................................................................... 2

III.    ARGUMENT ........................................................................................................... 6

       A.      DaVita's Requests for Documents Related to EthiCare's Calculation of
Amounts Paid to DaVita and Calculations of the UCR Rate (Request Nos.
10–13) ........................................................................................................................ 7

       B.      DaVita's Request for Documents Related to EthiCare's Dialysis Cost
Management Program (Request No. 1) ............................................................... 10

       C.      DaVita's Requests for Documents Related to the Benefits Determinations
EthiCare Made with Respect to Patients 1–10 (Request Nos. 7–9)..................... 11

       D.      DaVita's Requests for Communications Between EthiCare and WinCo
(Request No. 14) .................................................................................................... 11

IV.     CONCLUSION ..................................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Biotechnology Value Fund, L.P. v. Celera Corp.*, No. 14-4046 PGS, 2014 WL
4272732 (D.N.J. Aug. 28, 2014)...................................................................6, 9, 13

*Custin v. Wirths, et al.*, No. 12-910 (KM) (MAH), 2017 WL 517789 (D.N.J. Feb.
8, 2017) ...............................................................................................................6, 9

*In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. 234 (E.D. Pa. 2014) ......................................9

*Mallinckrodt LLC v. Actavis Laboratories FL, Inc.*, No. 2:15–cv–3800
(KSH)(CLW), 2017 WL 5476801 (D.N.J. Feb. 10, 2017)...................................6, 13

*In re Mushroom Direct Purchaser Antitrust Litig.*, No. 06–0620, 2012 WL
298480 (E.D. Pa. Jan. 31, 2012) ...........................................................................9

*West Penn Allegheny Health Sys., Inc. v. UPMC*, No. 2:09-cv-00480-JFC, 2013
WL 12134101 (W.D. Pa. Feb. 15, 2013) ...........................................................9, 12

Plaintiffs Star Dialysis, LLC, Ordust Dialysis, LLC, Routt Dialysis, LLC, Panther Dialysis, LLC, and DaVita Inc. (collectively, "Plaintiffs" or "DaVita") submit this Memorandum of Law in support of their Motion to Compel the production of documents by EthiCare Advisors, Inc. ("EthiCare") pursuant to the subpoena served on November 22, 2019 (the "Subpoena").

## I.    INTRODUCTION

This Motion to Compel stems from the refusal of non-party EthiCare[1] to produce key documents that are directly relevant and highly material to DaVita's claims against Defendants WinCo Foods Employee Benefit Plan, WinCo Foods, LLC, and WinCo Holdings, Inc. (collectively, "Defendants" or "WinCo") pending in the United States District Court for the District of Idaho.  Although EthiCare is a non-party, it was the paid dialysis benefits administrator for the Defendant health benefit plan in this ERISA case.  The underlying case involves claims for underpayment of dialysis premised upon, among other things, a drastic reimbursement change that occurred when EthiCare stepped in as administrator.  New Jersey-based EthiCare is a "healthcare cost management" consultant that touts its ability to help employee benefit plans like the WinCo Foods Employee Benefit Plan "successfully combat dialysis costs."[2]  WinCo contracted with EthiCare to effectively outsource dialysis benefit administration, although WinCo remained the entity responsible for managing and administrating the Plan.  As a result of EthiCare's advice, beginning in January 1, 2017, WinCo eliminated in-network coverage for dialysis treatment and drastically reduced the usual and customary payment methodology for non-network dialysis providers like DaVita.  EthiCare's

---

[1] EthiCare is a subsidiary of Zelis Healthcare Corporation.

[2] *See Zelis*, https://www.zelis.com/resource/dialysis-costs-straining-your-budget/; https://www.zelis.com/news/zelis-healthcare-announces-acquisition-of-ethicare-advisors/, last accessed February 19, 2020.

methodology for calculating DaVita's reimbursement rate for services provided to WinCo members is at the heart of DaVita's claims in the Idaho lawsuit.

In the Subpoena, DaVita sought documents from EthiCare that go directly to how EthiCare calculated dialysis reimbursement payments. (DaVita had no contract with EthiCare to set the level of those payments.) DaVita also requested similar records from WinCo, but WinCo has responded that these documents are in the exclusive possession of EthiCare. Because Plaintiffs' requests are narrowly drawn to obtain only relevant material, any burden of complying with the requests is reasonable, the reimbursement methodology documents sought are solely within EthiCare's possession, and an existing stipulated protective order will adequately protect EthiCare's documents, the Court should compel EthiCare to produce documents pursuant to the Subpoena.

## II.    BACKGROUND

DaVita is a leading clinical provider of dialysis in the United States and provides life-sustaining dialysis treatment to beneficiaries of the WinCo Foods Employee Benefit Plan ("WinCo Plan"). *See* Ex. A to Declaration of Jennifer S. Lewin ("Lewin Decl.") ("First Am. Compl."), ¶ 1.[3] Prior to 2017, DaVita was "in-network" with the WinCo Plan; that is, WinCo Plan beneficiaries who needed dialysis treatment had access to a Blue Cross of Idaho network of providers, including DaVita. *See id.* ¶¶ 35–37. An "in-network" provider has a negotiated contract to accept discounted fees in exchange for being identified to patients as an "in-network

_____

[3]Dialysis is a procedure used to "substitute" for many of the normal functions of the kidneys, such as removing the waste products that the body produces throughout the day. When these toxins are not removed, they build up in the body and cause serious health complications and ultimately death. First Am. Compl. ¶ 22. Patients who suffer from kidney failure, also called End Stage Renal Disease, cannot survive without dialysis or a kidney transplant. *Id.* ¶ 21.

provider" for a health plan.[4]  Under this in-network arrangement, DaVita was reimbursed for dialysis services it provided to WinCo Plan beneficiaries at the rate it negotiated with Blue Cross of Idaho.  *Id.* ¶ 35.

Beginning in January 2017, the WinCo Plan implemented two major changes pursuant to EthiCare's advice.  First, the WinCo Plan required its beneficiaries to obtain dialysis treatment from providers in the "EthiCare network."  However, no such "EthiCare network" exists.  DaVita is not a provider in the "EthiCare network," nor is it aware of any other dialysis clinics who are providers in the network.  In effect, WinCo, at the urging of EthiCare, eliminated network coverage for dialysis treatment.  *Id.* ¶ 41.  Second, pursuant to EthiCare's advice, WinCo adopted a reimbursement methodology that drastically reduced the rate of payment for out-of-network dialysis treatment.  *Id.* ¶ 51.  The WinCo Plan purports to reimburse DaVita and other out-of-network providers at the "usual, customary, and reasonable" ("UCR") rate.  *Id.* ¶ 53.  The UCR rate is a term of art in the healthcare industry and refers to the amount paid for a medical service in a geographic area based on what providers in the area usually charge for the same or similar medical services.  In actuality, however, the WinCo Plan reimbursed DaVita at what appears to be a Medicare-based rate—which is far lower than UCR—pursuant to EthiCare's "repricing recommendations."

On August 16, 2019, DaVita filed an Amended Complaint against WinCo in the District of Idaho.  *See* Lewin Decl. ¶ 2 & Ex. A.  The Amended Complaint includes a claim for benefits

---

[4]Besides the applicable co-payment and deductible amounts, patients who visit "in-network" providers do not face financial responsibility beyond what their plan pays.  First. Am. Compl. ¶ 30.  In other words, patients who visit "in-network" providers are protected from balance billing, which occurs when providers seek payment from a patient for the difference between what the health plan pays and the provider's charge.

under ERISA (Count 1) and a state law claim for promissory estoppel and quantum meruit (Count 2). Fact discovery in the District of Idaho proceeding closes on June 1, 2020.

On November 21, 2019, DaVita served document requests and interrogatories on WinCo. Lewin Decl. ¶ 3. Among other requests, DaVita sought from WinCo information and documents that describe the methodology by which WinCo or EthiCare calculated the "UCR rate" referenced in the WinCo summary plan description. Similarly, DaVita requested information and documents related to WinCo's calculation of the amounts paid to DaVita for the dialysis treatment services DaVita provided to WinCo Plan beneficiaries. In response, WinCo stated that "it relies on EthiCare's processes, expertise, and input as the dialysis contract administrator to make such calculations." *See* Lewin Decl. ¶ 4 & Ex. B. In subsequent discussions with WinCo's counsel relating to these requests, WinCo's position continues to be that responsive information is within EthiCare's possession and control. Lewin Decl. ¶ 4.

DaVita issued the Subpoena seeking documents from EthiCare relating to the following subjects:

- Documents relating to EthiCare's dialysis cost management program;

- Documents explaining EthiCare's contractual relationship with WinCo;

- Agreements between EthiCare and dialysis providers that were part of the purported "EthiCare network";

- Documents relating to determinations of benefits that EthiCare made regarding dialysis benefits for WinCo Plan beneficiaries;

- Documents related to EthiCare's calculation of the amounts paid to DaVita (including the methodology used) and documents related to the calculation of the "UCR rate" referenced in the WinCo summary plan description; and

- Communications between EthiCare and WinCo related to policies, benefit configuration or reimbursement as it relates to dialysis or End Stage Renal Disease, including EthiCare's repricing process and recommendations.

DaVita served the Subpoena on November 22, 2019.  Lewin Decl. ¶ 5 & Ex. C.  After requesting an extension and indicating by phone on December 23, 2019 that EthiCare would be making a rolling production of documents, on January 15, 2020, EthiCare provided its objections and responses to the Subpoena but provided no documents.  For the majority of the document requests, EthiCare responded that it would not produce documents in response to the request.  On January 22, 2020, counsel for DaVita and counsel for EthiCare engaged in a meet and confer telephone call where DaVita's counsel went through each Subpoena specification and explained its relevance to the underlying case and EthiCare's counsel stated EthiCare's position as to each request.  Lewin Decl. ¶ 8.  On February 5, 2020, counsel for DaVita followed up with a letter to further meet and confer regarding EthiCare's objections and responses to the Subpoena.  Lewin Decl. ¶ 10 & Ex. F.

On February 12, 2020, counsel for EthiCare responded to DaVita's February 5 letter.  In that letter, EthiCare agreed to produce documents responsive to certain requests (Request Nos. 1, 7–9) but did not provide a timeline in that letter for producing these documents even though the Subpoena has now been outstanding for three months.  Lewin Decl. ¶ 11 & Ex. G.  In a follow-up email, EthiCare declined to produce documents on DaVita's requested timeframe and declined to provide any specific timeframe in which it would produce documents in response.  Lewin Decl. ¶ 12.  In addition, EthiCare stated in the February 12th letter that it is unaware of documents responsive to certain other requests (Request Nos. 2, 4–6).  Finally, EthiCare

continued to object to the production of documents pursuant to certain other requests (Request Nos. 10–13, 14).  Lewin Decl. ¶ 13 & Ex. G.

## III.    ARGUMENT

Pursuant to Federal Rule of Civil Procedure 45, a party has a general right to subpoena any person to produce relevant documents during the course of litigation.  Fed. R. Civ. P. 45. "[T]he permissible scope of discovery under Rule 45 is the same as under Rule 26(b)." *Mallinckrodt LLC v. Actavis Laboratories FL, Inc.*, No. 2:15–cv–3800 (KSH)(CLW), 2017 WL 5476801, at *2 (D.N.J. Feb. 10, 2017).  Once the subpoenaing party demonstrates the documents sought are relevant, the non-party must then explain why discovery should not be permitted. *Custin v. Wirths, et al.*, No. 12-910 (KM) (MAH), 2017 WL 517789, at *2 (D.N.J. Feb. 8, 2017). In assessing the reasonableness of a subpoena, the court balances several factors:  (1) the relevance, (2) the need of the party for the documents, (3) the breadth of the document request, (4) the time period covered by it, (5) the particularity with which the documents are described, (6) the burden imposed, and (7) the subpoena recipient's status as a nonparty to the litigation. *Biotechnology Value Fund, L.P. v. Celera Corp.*, No. 14-4046 PGS, 2014 WL 4272732, at *2 (D.N.J. Aug. 28, 2014).  As demonstrated below, DaVita has met its burden and established grounds to compel EthiCare to produce the requested documents in compliance with the Subpoena.

A.  **DaVita's Requests for Documents Related to EthiCare's Calculation of Amounts Paid to DaVita and Calculations of the UCR Rate (Request Nos. 10–13)[5]**

DaVita's requests for documents related to EthiCare's calculation of the amounts paid to DaVita, calculations of the UCR rate (including the corresponding methodologies), and communications related to these methodologies go directly to the core of the underlying case. DaVita alleged that WinCo adopted EthiCare's reimbursement methodology and in doing so the Plan's requirements for out-of-network dialysis reimbursement by paying at what appears to be a Medicare-based rate instead of a UCR rate. First Am. Compl. ¶¶ 51, 54. Thus, the methodology that EthiCare used to calculate DaVita's reimbursement pursuant to the Plan is directly relevant to Plaintiffs' ERISA claims. EthiCare's methodology for calculating UCR rates is also highly relevant to Plaintiffs' state law quantum meruit and promissory estoppel claims because it relates to whether DaVita received the reasonable value of the services it provided to WinCo Plan members.

EthiCare is improperly trying to keep secret the methods it used to calculate DaVita's payments. EthiCare contends that DaVita is not entitled to know the "details of the proprietary

---

[5]Request No. 10:  All DOCUMENTS RELATED to YOU or WINCO's payment and adjustment of claims for DAVITA's treatment of Patients 1–10 and all other PLAN members who received dialysis-related services at DAVITA-affiliated facilities.
Request No. 11:  All DOCUMENTS RELATED to YOUR calculations of the amounts paid to DAVITA, including methodology used, as compensation for dialysis treatment services and/or supplies provided by DAVITA to any participant or beneficiary of the PLAN.
Request No. 12:  For the time period beginning January 1, 2017 through the present, DOCUMENTS sufficient to identify the methodology YOU used to calculate the amounts paid to DAVITA as compensation for dialysis treatment services and/or supplies provided by DAVITA to any participant or beneficiary of the PLAN.
Request No. 13:  All DOCUMENTS YOU used to calculate "the UCR rate" referenced in § 12.10 at page 42 of the January 1, 2017 version of the PLAN and in § 12.2 at page 38 of the January 1, 2018 version of the PLAN, including documents sufficient to identify the methodology YOU used.

manner in which EthiCare calculated the UCR rate at which Plaintiffs were compensated; the question is whether the rate was equal to, or lesser than, what Plaintiffs claim is the appropriate UCR rate."  Lewin Decl. ¶ 11 & Ex. G.  EthiCare's position is without merit.  DaVita challenges EthiCare's underlying reimbursement methodology, which appears to be based on a percentage of Medicare.  As DaVita's experts will prove at trial, a Medicare-based reimbursement methodology has nothing to do with calculation of a UCR rate, which is based on what dialysis providers in the geographic area charge and receive.  Accordingly, DaVita is entitled to know what reimbursement methodologies EthiCare used to calculate DaVita's reimbursement and in determining the "UCR rate" referenced in WinCo Plan documents.  The methodology actually used to calculate usual, customary, and reasonable reimbursement is arguably the most significant issue in the case.

Moreover, in response to party discovery in the Idaho litigation, Defendant WinCo has not produced any documents responsive to similar requests for information relating to reimbursement methodology.  Indeed, WinCo has stated in its discovery responses that WinCo "relies on EthiCare's processes, expertise, and input as the dialysis contract administrator to make [UCR] calculations."  In other words, according to WinCo, it is EthiCare that possesses the responsive information.  DaVita is unable to obtain this critical information from any entity other than EthiCare.  EthiCare has not said otherwise.

EthiCare contends that its reimbursement methodologies are "highly sensitive" and "proprietary."  Lewin Decl. ¶ 11 & Ex. G.  As counsel for DaVita has explained to counsel for EthiCare, the District of Idaho has entered a Protective Order that applies to production of non-party information and that includes an Attorneys' Eyes Only level of protection.  *See* Lewin Decl. ¶ 6 & Ex. D.  The availability of the Protective Order should sufficiently address

EthiCare's concerns that DaVita's business representatives could review and analyze EthiCare's proprietary reimbursement methodology.  *See Biotechnology Value Fund*, 2014 WL 4272732, at *4 (compelling non-party's production of documents reflecting proprietary methodology and noting that the non-party's "concerns can be addressed by supplementing the Parties' existing Stipulated Protective Order with an 'Attorneys' Eyes Only' provision," which in this case already exists).  *See also West Penn Allegheny Health Sys., Inc. v. UPMC*, No. 2:09-cv-00480-JFC, 2013 WL 12134101, at *6 (W.D. Pa. Feb. 15, 2013) (Special Master recommended granting motion to compel non-party's production of documents, noting that protective order with "attorney's eyes only" provision would apply to non-parties, and non-party failed to offer persuasive explanation as to why such protections were insufficient); *In re Mushroom Direct Purchaser Antitrust Litig.*, No. 06–0620, 2012 WL 298480, at *5 (E.D. Pa. Jan. 31, 2012) (subpoenaed party objected that subpoena requested highly confidential trade secret information; court found that stipulated protective order would provide adequate protection).  Therefore, EthiCare should be compelled to produce the documents pursuant to Requests No. 10–13.[6]

---

[6]In its Responses and Objections to the Subpoena, EthiCare repeats the following objection to these requests: "Plaintiffs have not demonstrated a substantial need that cannot be otherwise met without undue hardship to [EthiCare], as required by Federal Rule of Civil Procedure 45(d)(3)(C)(i)."  Lewin Decl. ¶ 7 & Ex. E.  But the plain text of the Rule indicates that Plaintiffs must make a showing of "substantial need that cannot be otherwise met without undue hardship" only *after* the party being subpoenaed moves to quash the subpoena (and where other conditions are also met).Rule 45(d)(3)(C) provides that, in circumstances where the requisite injury is demonstrated and where the Rule requires that a court *may* quash a subpoena, the court may allow for production under specified conditions instead, provided the serving party demonstrates, among other things, "substantial need" under Rule 45(d)(3)(C)(i).  *See In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. 234, 239 (E.D. Pa. 2014) ("If the subpoenaed nonparty demonstrates a 'clearly defined and serious injury' for a claim of protection under Rule 45(d)(3)(B), an additional step is required. The burden shifts to the subpoenaing party to show 'a substantial need for the testimony or material that cannot be otherwise met without undue hardship,' Fed.R.Civ.P. 45(d)(3)(C)(i), and demonstrate 'that the subpoenaed [nonparty] will be reasonably compensated,' *id*. 45(d)(3)(C)(ii).").  At this stage, DaVita must only demonstrate to the Court that the information sought in the Subpoena is relevant.  *See Custin*, 2017 WL 517789,

### B.     DaVita's Request for Documents Related to EthiCare's Dialysis Cost Management Program (Request No. 1)[7]

EthiCare's documents related to the dialysis cost management program referenced in 2017, 2018, and 2019 versions of the WinCo Plan documents are directly relevant to DaVita's underlying case against WinCo.  DaVita alleged that WinCo contracted with EthiCare to save money on dialysis treatment.  First Am. Compl. ¶ 40.  Therefore, documents that explain EthiCare's dialysis cost management program (that WinCo adopted) are relevant to DaVita's claims that WinCo eliminated network coverage for Plan members and drastically reduced its reimbursement to DaVita as a result of EthiCare's program.  In addition, DaVita clarified in a meet and confer letter that it is specifically seeking documents pertaining to the dialysis cost management program adopted by WinCo specifically and not for EthiCare clients in general.  Lewin Decl. ¶ 10 & Ex. F.  The request is thus narrowly tailored and described with particularity.  Accordingly, EthiCare should be compelled to produce documents responsive to Request No. 1.[8]

---

at *2.  Plaintiffs are not required to meet some heightened burden under Rule 45(d)(3)(C)(i).  But in any event, Plaintiffs do have a substantial need for EthiCare's reimbursement methodologies because WinCo has stated that it is not the source of these documents, and this highly relevant information can only be obtained from EthiCare.

[7]Request No. 1:  All DOCUMENTS RELATED TO the "dialysis cost management program" and/or "dialysis cost containment program" referenced in the 2017, 2018, and 2019 versions of the PLAN document and 2017, 2018, and 2019 summary plan descriptions, including but not limited to, any marketing or promotional material, pro formas, and explanations of benefits structures related to either program.

[8]Counsel for EthiCare stated in an e-mail of February 18, 2020 that EthiCare will produce documents responsive to this request "in a timely fashion."  Lewin Decl. ¶ 12.  If EthiCare does in fact make a complete production responsive to this request prior to the hearing date, DaVita will withdraw its motion to compel with respect to Request No. 1.

C.    **DaVita's Requests for Documents Related to the Benefits Determinations EthiCare Made with Respect to Patients 1–10 (Request Nos. 7–9)[9]**

The lawsuit against WinCo arises from DaVita's provision of dialysis services to Patients 1 through 10 and other WinCo Plan beneficiaries and the WinCo Plan's underpayment of those claims pursuant to EthiCare's advice.  EthiCare's documents related to the determination of dialysis benefits EthiCare made for Patients 1–10, communications with WinCo or third parties related to these benefit determinations, and documents related to EthiCare's or WinCo's decisions of appeals of benefit determinations are directly relevant to DaVita's claims against WinCo.  EthiCare does not dispute that these documents are relevant to the litigation. Accordingly, EthiCare should be compelled to produce documents responsive to Request Nos. 7–9.[10]

D.    **DaVita's Requests for Communications Between EthiCare and WinCo (Request No. 14)[11]**

Communications between EthiCare and WinCo regarding policies, benefit configuration or reimbursement as it relates to dialysis or End Stage Renal Disease, including EthiCare's

---

[9]Request No. 7:  All DOCUMENTS RELATED TO any determination of benefits YOU made regarding dialysis benefits for Patients 1–10 and all other PLAN members who received dialysis-related services at DAVITA-affiliated facilities.
Request No. 8:  All COMMUNICATIONS with WINCO or third parties RELATED to benefits determinations for Patients 1–10 and all other PLAN members who received dialysis-related services at DAVITA-affiliated facilities.
Request No. 9:  All DOCUMENTS RELATED to YOU or WINCO's decisions of appeals of benefit determinations of dialysis services for Patients 1–10 and all other PLAN members who received dialysis-related services at DAVITA-affiliated facilities, including any appeal files.
[10]Counsel for EthiCare stated in an e-mail of February 18, 2020 that EthiCare will produce documents responsive to these requests "in a timely fashion."  Lewin Decl. ¶ 12.  If EthiCare does in fact make a complete production responsive to these requests prior to the hearing date, DaVita will withdraw its motion to compel with respect to Request Nos. 7–9.
[11]Request No. 14:  All COMMUNICATIONS from January 1, 2016 through the present between YOU and WINCO RELATING to policies, benefit configuration or reimbursement as it RELATES TO dialysis or ESRD, including YOUR repricing process and recommendations.

repricing process and recommendations, are also directly relevant to DaVita's claims against WinCo.  DaVita is entitled to these documents because EthiCare served as the WinCo Plan's dialysis contract administrator and instructed WinCo how it should cover dialysis benefits and reimburse DaVita for the services provided to WinCo Plan beneficiaries.  Not only is this request relevant, but it is also narrowly tailored to seek communications between EthiCare and WinCo on specific topics and covering a discrete period of time.[12]

EthiCare's argument that the requested documents are more readily available to DaVita from WinCo is not a ground for refusing to produce these communications.  DaVita requested these same types of communications from WinCo but has only received a limited set of documents (and very few electronic communications) in response to its request for communications with EthiCare.[13]  Counsel for DaVita and counsel for WinCo are continuing to meet and confer over WinCo's discovery responses and DaVita may ultimately receive further production from WinCo and/or may need to move to compel.  But, in any event, EthiCare is obligated to produce responsive communications in its possession even where those same documents may be in the possession of WinCo.  *See West Penn Allegheny Health Sys.,* 2013 WL 12134101, at *3–4 (stating that there "is no general rule that plaintiffs cannot seek nonparty discovery of documents likely to be in defendants' possession.  In fact, '[i]n appropriate circumstances, production from a third party will be compelled in the face of an argument that the 'same' documents could be obtained from a party, because there is reason to believe that the files of the third party may contain different versions of documents, additional material, or

---

[12]WinCo engaged EthiCare for dialysis cost containment services in December 2016, so documents spanning January 1, 2016 to the present are relevant to DaVita's claims.

[13]As it relates to communications between WinCo and EthiCare, WinCo has produced a few financial reports and boilerplate transmittal emails.

perhaps, significant omissions.'"); *see also Mallinckrodt LLC v. Actavis Laboratories FL, Inc.*, No. 2:15–cv–3800 (KSH)(CLW), 2017 WL 5476801, *4 (D.N.J. Feb. 10, 2017) (same).  Further, EthiCare has not adequately explained or quantified any undue burden it will incur in producing the requested communications.  *See Biotechnology Value Fund*, 2014 WL 4272732, at *4 (compelling production of non-party documents that went "directly to the core of the underlying case" and for which the non-party did not demonstrate any undue burden in producing the information).  Thus, EthiCare should be compelled to produce documents responsive to Request No. 14.

## IV.     CONCLUSION

DaVita seeks documents from EthiCare that are critical to establishing the claims in DaVita's case against WinCo.  EthiCare served as WinCo's dialysis contract administrator who was involved with WinCo in eliminating network coverage for Plan members and cutting reimbursement to DaVita for dialysis services provided to members.  Indeed, EthiCare may have directed WinCo to eliminate network coverage and reduce rates.  The documents requested from EthiCare are narrowly tailored, described with particularity, cover a limited time period, and go to the heart of DaVita's case against WinCo.  Moreover, many of the documents cannot be obtained from anyone but EthiCare.  Finally, the Stipulated Protective Order entered in the Idaho case sufficiently addresses EthiCare's concerns about the proprietary nature of its reimbursement methodologies.  Accordingly, DaVita respectfully requests the Court grant its motion to compel the production of documents pursuant to the Subpoena.

Respectfully submitted,

/s/ Jeffrey A. Carr
Jeffrey A. Carr
Jason J. Moreira
**PEPPER HAMILTON LLP**
301 Carnegie Center, Suite 400
Princeton, NJ 08543

Jennifer S. Lewin
**KING & SPALDING LLP**
1180 Peachtree Street N.E.
Atlanta, GA 30309-3521

*Attorneys for Plaintiffs*

Dated:  February 21, 2020

-14-