UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE MOTION TO COMPEL COMPLIANCE WITH RULE 45 SUBPOENA ISSUED TO ETHICARE ADVISORS, INC. | Civil Action No. 2:20-cv-01886<br><br>**DECLARATION OF JENNIFER S. LEWIN, ESQ. IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH RULE 45 SUBPOENA ISSUED TO ETHICARE ADVISORS, INC.**<br><br>*DOCUMENT FILED ELECTRONICALLY* |

JENNIFER S. LEWIN, ESQ., being of full age, being duly sworn according to law upon her oath, deposes and says:

1. I am an attorney at the law firm King & Spalding LLP, attorneys for Plaintiffs Star Dialysis, LLC, Ordust Dialysis, LLC, Routt Dialysis, LLC, Panther Dialysis, LLC, and DaVita Inc. (collectively, "Plaintiffs" or "DaVita") in the matter *Star Dialysis, LLC et al. v. WinCo Foods Employment Benefit Plan, et al.*, No. 1:18-cv-00482-EJL-CWD, pending in the United States District Court for the District of Idaho.

2. A true and correct copy of the First Amended Complaint in the District of Idaho lawsuit, filed on August 16, 2019, is attached hereto as **Exhibit A**.

3. On November 21, 2019, DaVita served document requests and interrogatories on WinCo. On January 15, 2020, WinCo served its responses to DaVita's discovery requests. Attached as **Exhibit B** are true and correct copies of WinCo's responses to DaVita's interrogatories and requests for production.

4. Among other requests, DaVita sought from WinCo information and documents that describe the methodology by which WinCo or EthiCare calculated the "UCR rate"

1

referenced in the WinCo summary plan description. Similarly, DaVita requested information and documents related to WinCo's calculation of the amounts paid to DaVita for the dialysis treatment services provided by DaVita to WinCo Plan beneficiaries. In response, WinCo stated that "it relies on EthiCare's processes, expertise, and input as the dialysis contract administrator to make such calculations." *See* Exhibit B, at Answer to Interrogatory No. 12. Based upon subsequent discussions with WinCo's counsel relating to these requests, WinCo's position continues to be that responsive information is within EthiCare's possession and control.

5. A true and correct copy of the Subpoena to Produce Documents ("Subpoena") served on EthiCare Advisors, Inc. ("EthiCare") on November 22, 2019 is attached hereto as **Exhibit C**.

6. On January 15, 2020, my co-counsel Jim Boswell, also an attorney at King & Spalding, sent EthiCare's counsel a copy of the Stipulated Protective Order entered in the *WinCo* matter pending in the District of Idaho. A true and correct copy of the Stipulated Protective Order is attached hereto as **Exhibit D.**

7. After requesting an extension, on January 15, 2020, EthiCare provided its objections and responses to the Subpoena. A true and correct copy of EthiCare's responses and objections to the Subpoena is attached hereto as **Exhibit E.**

8. On January 22, 2020, I had a teleconference with EthiCare's counsel, Ross McSweeney of Groom Law Group, to meet and confer regarding EthiCare's responses and objections to the Subpoena. The purpose of the call was to attempt to resolve by agreement EthiCare's objections to producing documents responsive to the Subpoena. During the meet and confer call, I went through each Subpoena specification and explained its relevance to the underlying case, and Mr. McSweeney stated EthiCare's position as to each request.

9. On January 29, 2020, I sent Mr. McSweeney an encrypted email containing the identities of Patients 1 through 10 in Plaintiffs' Amended Complaint under the terms of the Protective Order.

10. A true and correct copy of the February 5, 2020 letter I sent to EthiCare's counsel following our meet and confer call is attached hereto as **Exhibit F**.

11. A true and correct copy of the letter EthiCare's counsel sent to me on February 12, 2020 is attached hereto as **Exhibit G**.

12. On February 18, 2020, EthiCare's counsel stated in an email that EthiCare declined to produce documents on DaVita's requested timeframe and declined to provide any specific timeframe in which it would produce documents. EthiCare stated that it would provide certain categories of documents "in a timely fashion." A true and correct copy of the email is attached hereto as **Exhibit H**.

13. Provided below is a chart that summarizes the Subpoena Requests and EthiCare's position as of the date of this filing with respect to each request.

| No. | Plaintiffs' Request | EthiCare's Response |
|---|---|---|
| 1 | All DOCUMENTS RELATED TO the "dialysis cost management program" and/or "dialysis cost containment program" referenced in the 2017, 2018, and 2019 versions of the PLAN document and 2017, 2018, and 2019 summary plan descriptions, including but not limited to, any marketing or promotional material, pro formas, and explanations of benefits structures related to either program. | EthiCare objected that these documents are more readily available to Plaintiffs from sources other than EthiCare. EthiCare also objected that "dialysis cost management" is the sole service it provides to its clients.<br><br>Notwithstanding these objections, EthiCare stated on February 12 that it is willing to conduct a search for marketing materials, pro formas, and explanations of benefits communicated to Defendants. |
| 2 | All agreements and/or contract(s), including attachments and amendments thereto, between YOU and WINCO. | EthiCare objected that these documents are more readily available to Plaintiffs from sources other than EthiCare.<br><br>EthiCare has produced a Business Associate Agreement between EthiCare and WinCo, but states it is unaware of any other responsive documents. |

3

| No. | Plaintiffs' Request | EthiCare's Response |
|---|---|---|
| 3 | For the time period beginning January 1, 2017 through the present, DOCUMENTS sufficient to identify all providers of dialysis treatment services and/or supplies with whom YOU have entered into agreements that form part of any network that is available for use by members of WINCO's employee healthcare benefits plan. | EthiCare objected that this Request is ambiguous, duplicative of Request 6, and requests business-sensitive information.<br><br>EthiCare states that it enters into agreements with health plans, not dialysis providers, and that there are unlikely to be responsive documents. |
| 4 | For the time period beginning January 1, 2017 through the present, DOCUMENTS sufficient to identify the reimbursement rates YOU have negotiated with the providers identified in the DOCUMENTS produced in response to Request No. 3. | EthiCare objected that this Request is ambiguous, duplicative of Request 6, and requests business-sensitive information.<br><br>EthiCare states that it enters into agreements with health plans, not dialysis providers, and that there are unlikely to be responsive documents. |
| 5 | For the time period beginning January 1, 2017 through the present, DOCUMENTS sufficient to identify the effective dates of the agreements between YOU and any provider of dialysis treatment services and/or supplies that form part of any network that is available for use by members of WINCO's employee healthcare benefits plan. | EthiCare objected that this Request is ambiguous, duplicative of Request 6, and requests business-sensitive information.<br><br>EthiCare states that it enters into agreements with health plans, not dialysis providers, and that there are unlikely to be responsive documents. |
| 6 | For the time period beginning January 1, 2017 through the present, all agreements between YOU and any provider of dialysis treatment services and/or supplies that form part of any network that is available for use by members of WINCO's employee healthcare benefits plan, including drafts of those agreements. | EthiCare objected that this Request is ambiguous, duplicative of Request 6, and requests business-sensitive information.<br><br>EthiCare states that it enters into agreements with health plans, not dialysis providers, and that there are unlikely to be responsive documents. |
| 7 | All DOCUMENTS RELATED TO any determination of benefits YOU made regarding dialysis benefits for Patients 1-10 and all other PLAN members who received dialysis-related services at DAVITA-affiliated facilities. | EthiCare initially objected to this Request on grounds that it did not have the identities of Patients 1–10.<br><br>Now that Plaintiffs have provided EthiCare with this information, EthiCare states that its search for responsive documents is ongoing. |
| 8 | All COMMUNICATIONS with WINCO or third parties RELATED to benefits determinations for Patients 1-10 and all other PLAN members who received dialysis-related services at DAVITA-affiliated facilities. | EthiCare objected that these documents are more readily available to Plaintiffs from sources other than EthiCare. EthiCare objects that this Request is duplicative of Request 7. EthiCare also initially objected to this Request on grounds that it did not have the identities of Patients 1–10. |

| No. | Plaintiffs' Request | EthiCare's Response |
|-----|---------------------|---------------------|
|     |                     | Now that Plaintiffs have provided EthiCare with this information, EthiCare states that its search for responsive documents is ongoing. |
| 9   | All DOCUMENTS RELATED to YOU or WINCO's decisions of appeals of benefit determinations of dialysis services for Patients 1-10 and all other PLAN members who received dialysis-related services at DAVITA-affiliated facilities, including any appeal files. | EthiCare initially objected to this Request on grounds that it did not have the identities of Patients 1–10.<br><br>Now that Plaintiffs have provided EthiCare with this information, EthiCare states that its search for responsive documents is ongoing. |
| 10  | All DOCUMENTS RELATED to YOU or WINCO's payment and adjustment of claims for DAVITA's treatment of Patients 1-10 and all other PLAN members who received dialysis-related services at DAVITA-affiliated facilities. | EthiCare objected that this Request seeks confidential business information that is irrelevant to any claim or defense. EthiCare objected that Plaintiffs do not need to know the methodology by which its reimbursement rates were calculated.<br><br>EthiCare states it will not produce documents responsive to this Request. |
| 11  | All DOCUMENTS RELATED to YOUR calculations of the amounts paid to DAVITA, including methodology used, as compensation for dialysis treatment services and/or supplies provided by DAVITA to any participant or beneficiary of the PLAN. | EthiCare objected that this Request seeks confidential business information that is irrelevant to any claim or defense. EthiCare objected that Plaintiffs do not need to know the methodology by which its reimbursement rates were calculated.<br><br>EthiCare states it will not produce documents responsive to this Request. |
| 12  | For the time period beginning January 1, 2017 through the present, DOCUMENTS sufficient to identify the methodology YOU used to calculate the amounts paid to DAVITA as compensation for dialysis treatment services and/or supplies provided by DAVITA to any participant or beneficiary of the PLAN. | EthiCare objected that this Request seeks confidential business information that is irrelevant to any claim or defense. EthiCare objected that Plaintiffs do not need to know the methodology by which its reimbursement rates were calculated.<br><br>EthiCare states it will not produce documents responsive to this Request. |
| 13  | All DOCUMENTS YOU used to calculate "the UCR rate" referenced in § 12.10 at page 42 of the January 1, 2017 version of the PLAN and in § 12.2 at page 38 of the January 1, 2018 version of the PLAN, including documents sufficient to identify the methodology YOU used. | EthiCare objected that this Request seeks confidential business information that is irrelevant to any claim or defense. EthiCare objected that Plaintiffs do not need to know the methodology by which its reimbursement rates were calculated.<br><br>EthiCare states it will not produce documents responsive to this Request. |
| 14  | All COMMUNICATIONS from January 1, 2016 through the present between YOU and WINCO RELATING to policies, benefit configuration or reimbursement as it RELATES TO dialysis or ESRD, including YOUR repricing process and recommendations. | EthiCare objects that these documents are more readily available to Plaintiffs from sources other than EthiCare. EthiCare objects that the burden of producing documents responsive to this Request outweighs its likely benefit. |

5

| No. | Plaintiffs' Request | EthiCare's Response |
|---|---|---|
| | | EthiCare states it will not produce documents responsive to this Request. |
| 15 | All COMMUNICATIONS from January 1, 2016 through the present between YOU and DAVITA RELATING TO dialysis or ESRD treatment services and/or supplies provided by DAVITA to any beneficiary of the PLAN. | EthiCare objects that these documents are more readily available to Plaintiffs from sources other than EthiCare.<br><br>During the meet and confer call on January 22, EthiCare stated that it may produce these documents if Plaintiffs do not have all of them. |

14. DaVita brings the motion to compel documents requested in Request Nos. 1, 7-9, 10-13, and 14.

15. Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

Date: February 21, 2020

/s/ Jennifer S. Lewin
Jennifer S. Lewin
**KING & SPALDING LLP**
1180 Peachtree Street, NE
Atlanta, Georgia 30309