# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE MOTION TO COMPEL COMPLIANCE WITH RULE 45 SUBPOENA ISSUED TO ETHICARE ADVISORS, INC.** | Case No. 2:20-cv-01886-WJM-MF<br><br>ELECTRONICALLY FILED |

## OPPOSITION OF RESPONDENT ETHICARE ADVISORS, INC. TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A REPLY BRIEF

Dated: April 6, 2020

Matthew J. Junk (I.D. # 013142000)
Deasey, Mahoney & Valentini, Ltd.
1601 Market Street, Suite 3400
Philadelphia, PA 19103
Telephone: (215) 587-9400
Email: MJunk@dmvlawfirm.com

Attorneys for EthiCare Advisors, Inc.


**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................ii

I. INTRODUCTION ........................................................................................1

II. ARGUMENT.................................................................................................1

    A. Plaintiffs' Motion Is Improper and Untimely .......................................1

    B. EthiCare's Methodology Is Not Necessary to the Underlying Action ..................................................................................................2

    C. Whether EthiCare's Methodology is "Relevant" Is Immaterial ...........5

    D. EthiCare's Methodology Is Indisputably a Trade Secret......................7

    E. Plaintiffs Still Have Not Shown that WinCo's Production Is Lacking ..............................................................................................8

    F. EthiCare's Production in Response to Requests 1 and 7-9 Is Substantially Complete .......................................................................9

III. CONCLUSION..............................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*Coca-Cola Bottling Co. of Shreveport v. Coca-Cola Co.*,
107 F.R.D. 288 (D. Del. 1985) ........................................................................... 6, 7

*P.C. of Yonkers, Inc. v. Celebrations! The Party And Seasonal Superstore, L.L.C.*,
No. CIV. A. 04-4554 JAG, 2007 WL 708978, (D.N.J. Mar. 5, 2007) ...................... 7

**Rules**

Fed. R. Civ. P. 26(b)(1) ........................................................................................ 5
Local R. Civ. P. 7.1(d) .......................................................................................... 2

**Other Authorities**

https://www.healthcare.gov/glossary/ucrusual-customary-and-reasonable/ ............. 5
https://www.njd.uscourts.gov/sites/njd/files/2020Motions.pdf ............................... 2

## I. INTRODUCTION

Respondent EthiCare Advisors, Inc. ("EthiCare")[1], by and through its undersigned counsel and pursuant to Rule 45 of the Federal Rules of Civil Procedure and the Local Rules of this Court, hereby submits this response in opposition to Plaintiffs' Motion for Leave to File a Reply in Response to EthiCare's Opposition to Plaintiffs' Motion to Compel (Dkt. 10-1, the "Motion") in connection with the litigation styled *Star Dialysis, LLC, et al. v. WinCo Foods Employee Benefits Plan, et al.*, No. 1:18-cv-00482-EJL-CWD (D. Idaho) ("*WinCo* Litigation").  For the reasons stated below, Plaintiffs' Motion should be denied.

## II. ARGUMENT

**A.   Plaintiffs' Motion Is Improper and Untimely.**

Plaintiffs filed their motion to compel on February 21, 2020, setting March 16 as day for the motion to be heard.  Dkt. 1.  EthiCare requested an extension of the time to respond, Dkt. 3, and filed a response in opposition to Plaintiffs' motion on March 16, 2020.  Dkt. 9.  According to Local Rule 7.1(d)(5), EthiCare's request for an extension had the effect of resetting the motion date to April 6, the next available motion day after EthiCare's opposition was filed.  Plaintiffs' reply to

---

[1] EthiCare was acquired by Zelis Claims Integrity, LLC, which is a wholly owned subsidiary of Zelis Healthcare, LLC (fka Zelis Healthcare Corporation).

EthiCare's opposition was therefore due on March 30.  *See htttps://www.njd. uscourts.gov/sites/njd/files/2020Motions.pdf* (publishing motion days for 2020).

But rather than file a reply on March 30, Plaintiffs filed a motion for leave to file a reply.  Judging by their attempt to shoehorn the motion for leave to reply into Local Rule 37.1's inapplicable provisions about discovery motion procedures, Plaintiffs appear to recognize their error.  Put simply, Plaintiffs have not filed a timely reply, and they have provided no reasons why their delay should be excused.  The Court should therefore deny Plaintiffs' Motion for Leave to File a Reply, and instead decide the original Motion on Plaintiffs' opening brief in support and EthiCare's Opposition.[2]

**B.     EthiCare's Methodology Is Not Necessary to the Underlying Action.**

Notwithstanding the procedural conundrum that Plaintiffs have inexplicably created, Plaintiffs' Motion for Leave to File a Reply—as well as its original motion

---

[2] The oddness of Plaintiffs' dual-track motions is apparent in the different timelines afforded to the Court for its deliberations.  Local Rule 7.1(d) requires that moving papers be filed at least 24 days prior to the noticed motion day.  The earliest motion day on which Plaintiffs' March 30 motion for leave to reply could be heard is therefore May 4.  But if, as Plaintiffs seem to agree, their reply was due on March 30, then the day for the original motion to be heard is April 6.  Plaintiffs have thus tasked the Court with deciding whether it should grant them leave to file a reply in support of a motion that is likely to have been decided long before said reply briefing is filed.  The simpler approach is for the Court to deny the current motion and decide the original motion on the papers.

to compel—should be denied on the merits because Plaintiffs have not established that EthiCare's methodology is necessary to the underlying action.[3]

In an effort to persuade the Court that they must have access to EthiCare's proprietary repricing methodology, Plaintiffs have subtly miscast the nature of their claims in the underlying lawsuit. In the Motion for Leave to reply, Plaintiffs describe the underlying case as "turn[ing] on whether the reimbursement methodology was accurate and reasonable." Dkt. 10-2 at 1. Not so. The accuracy and reasonableness of EthiCare's methodology is never raised in the underlying lawsuit. In fact, the word "accurate" does not appear in Plaintiff's Amended Complaint, and the few times the word "reasonable" appears have nothing to do with the reasonableness of EthiCare's pricing methodology. *See, e.g.*, *id.* at 13 n.1 ("DaVita is willing to supply Defendants additional *reasonable* information to identify the patients."); *id.* at 71(a) ("[P]lans must propound denials in writing, set forth the specific reasons for such a denial, and afford a *reasonable* opportunity for a full and fair review by the appropriate named fiduciary of the decision denying the claim.") (emphasis added).

---

[3] Because the Court should disregard Plaintiffs' Motion for Leave to File a Reply as either improper or untimely, it should instead focus its deliberation on the briefs filed in support of, and opposition to, Plaintiffs' original Motion to Compel. As EthiCare noted in its Opposition, Plaintiffs never argued that access to EthiCare's methodology is necessary for them to prepare their case for trial. Opposition at 11. The original Motion to Compel should therefore be denied.

Put simply, and in their own words, what Plaintiffs in fact allege is that EthiCare's repricing methodology was not based on the usual, customary, and reasonable ("UCR") rate, as required by the terms of the WinCo Plan, but instead was "approximately 200% of the rate that Medicare pays for dialysis services." Am. Compl. ¶ 54; *see also id.* ¶ 54 ("[T]he Plan's Medicare-based reimbursement method is significantly lower than a proper calculation of UCR as defined by the Plan."); Dkt. 1-2, Motion to Compel at 8 (EthiCare's methodology was improperly "based on a percentage of Medicare."). What the underlying case turns on is the *amount* that Plaintiffs were reimbursed, which Plaintiffs allege was "a small fraction of what providers in the area actually charge for dialysis treatment." Amend. Compl. at ¶ 54. Determining whether Plaintiffs were in fact reimbursed "a small fraction" of the amount they were owed under the UCR rate requires (a) establishing what the UCR rate was, and (b) comparing it with the amount Plaintiffs were actually reimbursed. That's it. How EthiCare calculated Plaintiffs' reimbursement amounts sheds no light on whether those amounts are, or are not, equal to the reimbursement amounts to which DaVita claims entitlement.

Plaintiffs now argue that they need access to EthiCare's methodology so that they can "challenge the assumptions underlying EthiCare's calculations, including the size of the geographic area, the number and type of providers used in the analysis, and prevailing rates those providers charged." Dkt. 10-12 at 5. These

assumptions are the nuts and bolts of calculating the UCR rate.[4] But it is unnecessary for Plaintiffs to challenge *how* EthiCare calculated the UCR rate, because, as is made clear in their own pleadings, the crux of Plaintiffs entire case is that EthiCare's methodology is based on the Medicare rate, *not* the UCR rate. In other words, Plaintiffs do not contend that EthiCare committed an error in calculating the UCR rate; they allege that EthiCare never calculated the UCR rate in the first place. In an effort to establish that EthiCare's methodology is necessary to the underlying case, Plaintiffs have merely shifted the goalposts on what the underlying case is truly about.

### C. Whether EthiCare's Methodology is "Relevant" Is Immaterial.

As they did in the original Motion to Compel, Plaintiffs once again argue that they are entitled to see EthiCare's proprietary methodology because it is relevant to their claims. As a threshold matter, *all* material sought during discovery must be relevant under Rule 26(b)(1). Rule 26(b)(1) defines relevance broadly, and EthiCare does not dispute that its methodology falls within that definition's scope. But the question for the Court when deciding whether to order the disclosure of a third party's trade secret is whether the information is

---

[4] As Plaintiffs acknowledge, "UCR" generally refers to the amount paid for a medical service in a geographic area based on what providers in the area usually charge for the same or similar medical services. *See UCR (Usual, Customary, and Reasonable)*, available at https://www.healthcare.gov/glossary/ucrusual-customary-and-reasonable/.

5

"necessary to the action." *Coca-Cola Bottling Co. of Shreveport v. Coca-Cola Co.*, 107 F.R.D. 288, 292 (D. Del. 1985). As shown above, EthiCare's methodology does not satisfy that requirement.

It is still worth scrutinizing Plaintiffs' argument that EthiCare's methodology is "highly relevant," its immateriality aside. First, they claim that the underlying case "involves whether WinCo, *at EthiCare's direction*, actually paid [Plaintiffs] the UCR amount per the terms of the WinCo plan." Dkt. 10-2 at 4. This is not true. The Amended Complaint contains no allegations that EthiCare directed WinCo to pay anything. Nor could it, because EthiCare has no power to direct WinCo or any of its clients to do anything. EthiCare makes reimbursement recommendations by applying its repricing methodology to claims submitted to it by its clients. What the clients decide to do with those recommendations is entirely within their discretion.

Second, Plaintiffs assert that "the lengths to which EthiCare is going to prevent production suggests that its methodology is highly relevant here." *Id.* This is a bizarre and, frankly, dangerous claim. In Plaintiffs' view, the more vigorously that a third party such as EthiCare seeks to protect itself from the irreparable harm it would suffer from the disclosure of a trade secret to a competitor (or, by analogy, a privileged attorney-client communication), the more likely a court should be to order that disclosure. Thankfully, that is not how the law operates.

6

### D.      EthiCare's Methodology Is Indisputably a Trade Secret.

EthiCare's methodology fits the definition of trade secret like hand in glove: it is a "formula . . . which is used in one's business and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *P.C. of Yonkers, Inc. v. Celebrations! The Party And Seasonal Superstore, L.L.C.*, No. CIV. A. 04-4554 JAG, 2007 WL 708978, at *10 (D.N.J. Mar. 5, 2007). Yet Plaintiffs contend that, while the methodology might be proprietary, it is not a trade secret.

First, Plaintiffs argue that because the inputs into EthiCare's methodology—such as the relevant geographic areas and typical provider charges—cannot be trade secrets, the methodology cannot be, either. Dkt. 10-2 at 6. This is nonsensical. Coca Cola's recipe is the canonical example of a trade secret, even though most of the ingredients are public knowledge—indeed, they are printed right on the can. *Coca-Cola*, 107 F.R.D. at 289. Much like Coca Cola, it is how EthiCare's methodology combines these inputs, and in what proportion, that is a trade secret.

Next, Plaintiffs suggest that EthiCare's methodology does not qualify as a trade secret because EthiCare did not invoke the magic words "trade secret" in its objections to Plaintiffs' subpoena. But no such incantation is required to establish a trade secret. EthiCare refused to produce its repricing methodology on the basis

7

that it was "business-sensitive and confidential"—in other words, that members of the public did not know about it, and EthiCare would be harmed if they did. That is a sufficient basis to establish that EthiCare's repricing methodology is a trade secret. Indeed, Plaintiffs' opening brief concedes that EthiCare's pricing methodology is "proprietary" and "sensitive," and that EthiCare refused to produce such methodology in response to Plaintiffs' subpoena on those grounds (among others). Plaintiffs' position in this Motion for Leave to Reply is therefore at odds with the position they took in their Motion to Compel.

### E.     Plaintiffs Still Have Not Shown that WinCo's Production Is Lacking.

EthiCare reaffirms its willingness to make a limited production of its communications with WinCo, the defendant in the underlying lawsuit, to the extent that Plaintiffs have a well-founded belief that WinCo's production of the same documents is incomplete. But Plaintiffs have not even attempted to make such a showing.

Plaintiffs' argument that EthiCare should be compelled to produce all of its communications with WinCo now because EthiCare has not quantified the burden such a production would entail misses the mark. First, Plaintiffs' in their opening brief on the Motion to Compel *admit* that they are "negotiating" with WinCo—the defendant in the underlying litigation—about the production of the very same materials that they seek from EthiCare, a *non*-party. But while Plaintiffs are

content to "negotiate" with an actual party to the underlying litigation concerning these exact materials, they have filed a Motion to Compel against EthiCare, seeking to impose costs and burdens on a non-party to the underlying litigation.

Second, whatever the costs are to EthiCare in terms of money and time, it is indisputably more burdensome for EthiCare to make a production than it is not to make a production. The sensible course of action is for EthiCare—a non-party to the underlying lawsuit who is being asked to produce documents that are also in the defendant's possession—to shoulder no burden unless and until there is some reasonable basis for Plaintiffs to believe that WinCo's production is incomplete.

**F.    EthiCare's Production in Response to Requests 1 and 7-9 Is Substantially Complete.**

EthiCare has substantially completed production of documents responsive to Requests 1 and 7-9 that it is currently aware of in its possession, custody, or control. The Motion to Compel with respect to these Requests is therefore moot.

### III.    CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Leave to File a Reply. should be denied in its entirety. The original Motion to Compel should therefore be decided solely on the basis of the briefs filed in support and opposition, and it, too, should be denied in its entirety.

Dated: April 6, 2020	Respectfully submitted,

                                                                    _____
                                        Matthew J. Junk (I.D. # 013142000)
                                        Deasey, Mahoney & Valentini, Ltd.
                                        1601 Market Street, Suite 3400
                                        Philadelphia, PA 19103
                                        Telephone: (215) 587-9400
                                        Email: MJunk@dmvlawfirm.com

                                        Attorneys for EthiCare Advisors, Inc.