## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE MOTION TO COMPEL COMPLIANCE WITH RULE 45 SUBPOENA ISSUED TO ETHICARE ADVISORS, INC. | Civil Action No. 2:20-cv-01886<br><br>**REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE REPLY**<br><br>*DOCUMENT FILED ELECTRONICALLY* |

DaVita respectfully submits this Reply in support of DaVita's Motion for Leave to file a Reply in support of its Motion to Compel to respond briefly to the procedural argument that EthiCare raises in its Opposition, D.E. #11 ("Opp.").

*First*, EthiCare curiously opposes DaVita's motion for leave to reply while at the same time contending that DaVita could submit a Reply as of right. Opp. at 1-2. EthiCare's argument that filing the Reply behind a motion for leave made the Reply untimely is without merit. EthiCare asserts that the deadline to file a Reply was March 30. Opp. at 2. On that date, DaVita sought leave to file a Reply because it is unclear whether Local Rule 37.1 applies to a motion to compel a response to a subpoena that was issued in the District of Idaho. (Dkt. 10-1.) DaVita attached the Reply brief as an exhibit to its Motion for Leave. Thus, DaVita timely filed the Reply brief with the Court on March 30.

Moreover, per Chief Judge Wolfson's March 24, 2020 General Order, all civil case deadlines in this District are extended automatically by 45 days in light of COVID-19. By filing the Motion for Leave on March 30 and attaching the Reply brief, DaVita arguably filed the Reply early.

*Second*, seven of the nine pages of EthiCare's opposition are in substance a surreply. EthiCare responds at length to the arguments raised in the same Reply in support of DaVita's Motion to Compel that EthiCare contends was "Improper" and "Untimely." *See* Opp. at 2-9. Surreplies are not permitted without first obtaining leave of court. *See* L. Civ. R. 7.1 (d)(6); *see, e.g., Adam Techs. LLC v. Well Shin Tech. Co., Ltd*., No. 18-cv-10513, 2019 WL 3800236, at *1 n.2 (D.N.J. Aug. 13, 2019) (refusing to consider party's surreply because party failed to obtain the necessary leave). EthiCare devotes the majority of its Opposition to responding to the substantive arguments DaVita made in its Reply. Opp. at 2-9. The Court, therefore, should disregard pages 2 through 9 of the Opposition as an improper surreply for which EthiCare failed to seek leave.

For these reasons, DaVita respectfully requests that its Motion for Leave to file a Reply in Support of its Motion to Compel be granted. DaVita's Motion to Compel is now fully briefed and ripe for decision.

Respectfully submitted,

/s/ Jeffrey A. Carr
Jeffrey A. Carr
Jason J. Moreira
**PEPPER HAMILTON LLP**
301 Carnegie Center, Suite 400
Princeton, NJ 08543
609.951.4116

James W. Boswell III
Jennifer S. Lewin
**KING & SPALDING LLP**
1180 Peachtree Street N.E.
Atlanta, GA 30309-3521

*Attorneys for Plaintiff*

Dated:  April 8, 2020