

Suite 400
301 Carnegie Center
Princeton, NJ 08543-5276
609.452.0808
Fax 609.452.1147

Jeffrey A. Carr
direct dial: 609.951.4116
carrj@pepperlaw.com

June 22, 2020

**VIA ECF**

The Honorable Mark Falk
U.S. Chief Magistrate Judge
United States District Court
District of New Jersey
U.S.P.O. and Courthouse, Room 457
One Federal Square
Newark, NJ 07102

      Re:    In Re Motion to Compel Compliance with Rule 45 Subpoena Issued to Ethicare Advisors, Inc., Case No. 2:20-cv-011886-WJM-MF

Dear Judge Falk:

      This Firm along with King & Spalding represent Plaintiffs Star Dialysis, LLC, Ordust Dialysis, LLC, Routt Dialysis LLC, Panther Dialysis, LLC and DaVita Inc. (collectively, "DaVita") in the above-referenced matter. In advance of the telephone conference with the Court set for June 24, 2020, we write to respectfully provide two updates related to the parties' efforts to resolve the motion to compel production of EthiCare Advisors, Inc.'s ("EthiCare") reimbursement methodology.

      First, the Court may recall that during the prior telephone conference on April 30, 2020, the Court inquired whether EthiCare would consent to transfer the pending motion to compel to the District of Idaho, where the underlying litigation is pending. During the conference, counsel for EthiCare indicated that EthiCare prefers to have the motion to compel decided in the District of New Jersey because the motion is fully briefed and to transfer would require the issues to be re-briefed.

      Following the conference, on May 4, 2020, DaVita offered a stipulation to EthiCare's counsel in which the parties would stipulate, as a condition of transfer to Idaho, that the papers are final and fully briefed, such that EthiCare would not need to expend additional

| Philadelphia | Boston | Washington, D.C. | Los Angeles | New York | Pittsburgh | Detroit |
| Berwyn | Harrisburg | Orange County | Princeton | Rochester | Silicon Valley | Wilmington |

www.pepperlaw.com



The Honorable Mark Falk
Page 2
June 22, 2020

resources associated with further briefing.  On May 8, counsel for EthiCare responded that EthiCare does not consent to transfer of the matter to the District of Idaho notwithstanding the proposed stipulation that the parties would not have to re-brief the issues.

Second, over the past several weeks, counsel for the parties have engaged in meet and confer discussions in an attempt to reach an agreement on what aspects of EthiCare's reimbursement methodology EthiCare would be willing to disclose.  Counsel discussed this issue most recently this past Friday, June 19.  After several discussions, the parties have been unable to agree on any information as to its reimbursement methodology that EthiCare would voluntarily produce.  Although it has not agreed to produce any further information on its reimbursement methodology, EthiCare has said that it is open to considering, on a case by case basis, whether to provide answers to specific questions that DaVita's expert may have.  The parties are at impasse because DaVita believes that it cannot intelligently formulate these questions without knowing something about the methodology to which the questions would pertain.  (And, even if DaVita could somehow gain the subpoenaed information through targeted questions, EthiCare has not agreed that it will provide answers to any such questions that DaVita might pose.)  Thus, the parties were unable to reach a compromise in advance of the next telephone conference.

We look forward to discussing these issues in further detail on June 24.

Respectfully submitted,

s/ Jeffrey A. Carr

Jeffrey A. Carr

JAC/llm

cc:   All Counsel of Record (Via ECF)