# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE MOTION TO COMPEL COMPLIANCE WITH RULE 45 SUBPOENA ISSUED TO ETHICARE ADVISORS, INC.** | Case No. 2:20-cv-01886-WJM-MF<br><br>**RESPONDENT ETHICARE ADVISORS, INC.'S STATEMENT OF SUPPLEMENTAL AUTHORITY**<br><br>ELECTRONICALLY FILED |

As further supplemental authority in support of its Opposition to Plaintiffs' Motion to Compel (Dkt. 9), Respondent EthiCare Advisors, Inc. ("EthiCare") respectfully submits the attached Order Denying Discovery Request issued July 13, 2020 (Ex. A, Order), and related materials, in *Peterson v. Cigna Health and Life Insurance, et al.*, Dkt. No. BER-L-518-18, N.J. Super. Ct. (Law Div.) ("*Peterson*"). *Peterson* is a decision of a New Jersey state court applying New Jersey law, and thus is not binding on this Court. But its circumstances closely mirror the matter before this Court, and its reasoning is nevertheless compelling.

In *Peterson*, Plaintiff sued, among other defendants, a union, alleging that it had breached a contract to pay the reasonable cost of medical services Plaintiff rendered to a patient who received union-provided medical coverage. The union had engaged Zelis Claims Integrity, LLC ("Zelis")—a sister company of

EthiCare—to perform claims cost management.  Plaintiff served Zelis—a non-party, as here—with a document subpoena seeking production of several categories of materials related to its claims cost management process, including:

a) Any pricing or repricing reports performed by [Zelis] . . .
b) A copy of the manual and/or standard used to re-price the surgery payment.

Ex. B, Plaintiff's Subpoena Duces Tecum Ad Testificandum of Jessica Colan c/o PHX, at 3.

Zelis resisted production on the basis that the subpoena sought commercially sensitive trade secrets that were "the very essence of Zelis' [sic] business," (Ex. C, Zelis Brief in Opposition to Plaintiff's Motion to Compel and in Support of its Cross-Motion for a Protective Order, at 2) the disclosure of which would allow competitors to replicate Zelis's processes, thereby harming its "ability to compete in the marketplace." *Id.* at 7.  Plaintiff argued that, because the underlying dispute centered on whether the union had properly paid the Plaintiff's costs, the "pricing of the claim [by Zelis]. . . [went] to the very heart of the matter."  Ex. B, Plaintiff's Letter Brief of Francis J. DeVito, Esq., at 3.  Zelis countered that the issue in the underlying matter was not how Zelis repriced the claim, but whether the union paid the claim at the agreed-to rate.  *See* Ex. C, Zelis Brief in Opposition to Plaintiff's Motion to Compel and in Support of its Cross-Motion for a Protective Order, at 18.  The court denied the motion to compel, finding that the central claim—whether the

union paid the agreed-to rate—did "not arise out of, nor [were] they dependent upon, how Zelis priced the claim."  Ex. A, Order.

Just so here.  Like its sister company, EthiCare is a nonparty, and its repricing process is a commercially sensitive trade secret.  Just as in *Peterson*, the underlying issue here is whether the WinCo Defendants paid Plaintiffs the agreed-to rate; Zelis's claims-repricing process is not at issue.  And Plaintiffs' claim here—that the WinCo defendants did not reimburse the Plaintiffs' costs at the UCR rate—is not dependent on Zelis's claims-repricing process.  Either the WinCo defendants' reimbursed Plaintiffs at the UCR rate, or they did not.  How Zelis calculated the re-pricing cannot alter that fact.

The result here should be the same as in *Peterson*.

Dated:  August 4, 2020

Respectfully submitted,

_____
Matthew J. Junk (I.D. # 013142000)
Deasey, Mahoney & Valentini, Ltd.
1601 Market Street, Suite 3400
Philadelphia, PA 19103
Telephone: (215) 587-9400
Email:  MJunk@dmvlawfirm.com

Ross P. McSweeney (*admitted pro hac vice*)
Groom Law Group, Chartered
1701 Pennsylvania Ave, NW
Washington, DC 20006
Telephone: (202) 857-0620
Email: rmcsweeney@groom.com

Attorneys for EthiCare Advisors, Inc.