# EXHIBIT B
## to Statement of Supplemental Authority

**FRANCIS J. DeVITO, P.A.**
250 Moonachie Road, Suite 305
Moonachie, NJ 07074
(201) 487-7575
Attorney for Plaintiff
I.D.#244461968

------------------------------------------------x  SUPERIOR COURT OF NEW JERSEY
                                                          LAW DIVISION – BERGEN COUNTY
THOMAS R. PETERSON, M.D., P.C.,    DOCKET NO.:  BER-518-18

       PLAINTIFF,

V.  CIVIL ACTION

CIGNA HEALTH AND LIFE
INSURANCE d/b/a CIGNA HEALTH
CARE, WINE LIQUOR AND                  CIVIL ACTION
DISTILLERY WORKERS LOCAL 1-D,
MAJOR MEDICAL PLAN, MAGNA
CARE, OLGA MENDOZA, NATIONAL
LABOR BENEFITS,                                  **NOTICE OF MOTION**

       DEFENDANTS.

------------------------------------------------x
(All Counsel)

COUNSELORS:

     ***PLEASE TAKE NOTICE*** that on Friday, June 19, 2020, at 9:00 o'clock in the forenoon or as soon thereafter as counsel may be heard, the undersigned attorney for Plaintiff, Thomas R. Peterson, M.D., will make application to the Superior Court of New Jersey, Law Division, Bergen County Justice Center, 10 Main Street, Hackensack, New Jersey for an Order to compel Zelis a/k/a PHX to supply discovery as requested in the Subpoena Ad Testificandum.

     Pursuant to ***R.*** 1:6-2, the moving party shall rely upon the attached Certification and Brief in support of this motion.  A proposed form of Order is enclosed.  The moving party hereby waives oral argument and consents to a disposition of this Motion on the papers unless otherwise requested.   There are no arbitration, pretrial or trial dates scheduled in the within matter.

I hereby certify that the original of the within Motion has been filed via e courts and that copies have been forwarded via email to all counsel.

**FRANCIS J. DeVITO, P.A.**
Attorneys for Plaintiff, Thomas R. Peterson, M.D.

By: *Francis J. DeVito*
      Francis J. DeVito

Dated: June 3, 2020

**FRANCIS J. DeVITO, P.A.**
250 Moonachie Road, Suite 305
Moonachie, NJ 07074
(201) 487-7575
Attorney for Plaintiff
I.D.#244461968

------------------------------------------------x   SUPERIOR COURT OF NEW JERSEY
                                                    LAW DIVISION – BERGEN COUNTY

THOMAS R. PETERSON, M.D., P.C.,      DOCKET NO.:  BER-518-18

       PLAINTIFF,

V. CIVIL ACTION

CIGNA HEALTH AND LIFE
INSURANCE d/b/a CIGNA HEALTH                    CIVIL ACTION
CARE, WINE LIQUOR AND
DISTILLERY WORKERS LOCAL 1-D,                   CERTIFICATION
MAJOR MEDICAL PLAN, MAGNA                       OF FRANCIS J. DeVITO, ESQ.
CARE, OLGA MENDOZA, NATIONAL
LABOR BENEFITS,

       DEFENDANTS.
------------------------------------------------x

Francis J. DeVito, Esq., of full age, hereby certifies as follows:

1. I am an attorney at law licensed to practice in the State of New Jersey. I am associated with the law firm of Francis J. DeVito, P.A. counsel for Plaintiff, Dr. Thomas Peterson in this matter. I am fully familiar with the facts of this case and make this Certification in support of Plaintiffs Motion to Extend the Discovery deadline.

2. Suit in this matter was instituted on or about January 2018 by the Plaintiff.

3. The matter was thereafter removed to Federal Court by one of the Defendants.

4. On July 25, 2018, the Federal Court remanded the matter back to the Superior Court, Law Division.

5. On October 23, 2018, based upon a motion by one of the defendants, Zelis Claims Integrity Inc. (f/k/a Premiere health Exchange Inc. and formerly d/b/a "Zelis"), the Court dismissed the matter against Zelis.

6. Plaintiff's then, on November 13, 2018, substituted in Francis J. DeVito, Esq. for Plaintiff's prior counsel.

7. After the dismissal, Zelis and Plaintiff entered into settlement discussions which culminated in an agreement, copy attached hereto as **Exhibit A**, wherein Plaintiff agreed not to reinstate his claim against Zelis and in return Zelis agreed to fully cooperate with Plaintiff regarding discovery.

8. Recently, Plaintiffs' counsel served a Deposition Notice to the counsel for Zelis, Mr. Horn. **See Exhibit B**.

9. The response by Zelis counsel was to object to the production of certain documents and to object to testimony from Zelis witnesses.

10. Counsel for the respective parties conferred on May 28, 2020 to discuss the matter. Counsel for Zelis continued to disagree with Plaintiffs' counsel regarding the issue at hand and forwarded a written communication dated May 28, 2020 outlining his objections, a copy of which is attached hereto as **Exhibit C**.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the statements made by me are willfully false, I am subject to punishment.

**FRANCIS J. DeVITO, P.A.**

By:  *Francis J. DeVito*
  Francis J. DeVito

Dated: June 3, 2020

# Francis J. DeVito, P.A.
A Professional Corporation
*Counsellors at Law*
250 Moonachie Road, Suite 305
Moonachie, NJ 07074
(201) 487-7575
Fax (201) 487-1646

FRANCIS J. DEVITO*

FRANK RIVELLINI

*N.J. & N.Y. BARS

June 3, 2020

Honorable Walter F. Skrod
Bergen County Courthouse
10 Main Street
Hackensack, New Jersey 07601

    Re:    Thomas R. Peterson, M.D. v. Cigna Health, et al.
             Docket No.: BER-L-518-18

Dear Judge Skrod:

Please accept this letter brief in support of plaintiff's motion to compel testimony and documents from Zelis Inc. In the above entitled matter.

**PROCEDURAL AND FACTUAL STATEMENT**

Zelis is a healthcare and financial technology company and a provider of claims cost management and payments to price, pay and explain health care claims. In the matter before this court, Zelis was under contract with Defendant Wine Liquor and Distillery Workers Local 1-D (hereinafter "Union") to provide its services to the union. As it relates to this matter, Zelis assisted in pricing Plaintiffs claim to the Union. It also was instrumental in negotiating a settlement between the Union and Plaintiff. The settlement agreement was reduced to writing but never executed by the Union. Sometime thereafter Zelis ceased performing any duties for the Union.

Written discovery in this matter has been over for quite some time. The parties have engaged in limited deposition discovery. As stated in Mr. DeVito's certification a Notice to Take the Deposition of a Zelis employee was served upon counsel for Zelis. The response to that deposition notice from counsel for Zelis is attached to the DeVito Certification as Ex. A.

A conference call between counsel was had with Zelis counsel continuing to maintain his position, all as set forth in his correspondence dated May 28, 2020. See Ex. B of DeVito certification.

**POINT I**

## THE SETTLEMENT AGREEMENT BETWEEN THE PARTIES MANDATES THAT THE REQUESTED MATERIAL AND TESTIMONY OF ZELIS EMPLOYEES BE PERMITTED

Our Supreme Court directs:

"Generally, a settlement agreement is governed by principles of contract law." Thompson v. City of Atlantic City, 190 N.J. 359, 379 (2007). Fundamental to our jurisprudence relating to settlements is the principle that "[t]he settlement of litigation ranks high in our public policy." Jannarone v. W.T. Co., 65 N.J. Super. 472, 476 (App. Div. [1961]), certif. denied [sub nom. Jannarone v. Calamoneri], 35 N.J. 61 (1961); see Pascarella v. Bruck, 190 N.J. Super. 118, 125 (App.Div. [1983]) (quoting Jannarone, supra, 65 N.J. Super. at 476), certif. denied, 94 N.J. 600 (1983).

Our strong policy of enforcing settlements is based upon "the notion that the parties to a dispute are in the best position to determine how to resolve a contested matter in a way which is least disadvantageous to everyone." Peskin v. Peskin, 271 N.J. Super. 261, 275 (App. Div. [1994]) (quoting Department of the Public Advocate v. New Jersey Board of Public Utilities, 206 N.J. Super. 523, 528 (App. Div. 1985)), certif. denied, 137 N.J. 165 (1994). In furtherance of this policy, our courts "strain to give effect to the terms of a settlement wherever possible." Dep't of Pub. Advocate, supra, 206 N.J. Super. at 528. As we have held, settlements will usually be honored "absent compelling circumstances." Nolan v. Lee Ho, 120 N.J. 465, 472 (1990). "An agreement to settle a lawsuit is a contract, which like all contracts, may be freely entered into and which a court, absent a demonstration of 'fraud or other compelling circumstances,' should honor and enforce as it does other contracts." Pascarella, supra, 190 N.J. Super. at 124-25 (quoting Honeywell v. Bubb, 130 N.J. Super. 130, 136 (App.Div. 1974)). However, "[i]f a settlement agreement is achieved through coercion, deception, fraud, undue [*20] pressure, or unseemly conduct, or if one party was not competent to voluntarily consent thereto, the settlement agreement must be set aside." Peskin, supra, 271 N.J. Super. at 276 ; see also Nolan, supra, 120 N.J. at 472.

[ Brundage v. Estate of Carambio, 195 N.J. 575, 600-601 (2008); emphasis added]

Our public policy to enforce settlements absent fraud is particularly applicable where, as here, the settlement is entered into by parties, represented by experienced counsel, acting through their attorneys:

Embedded in our jurisprudence is the principle that the settlement of litigation ranks high in our public policy. Judson v. Peoples Bank & Trust Co., 25 N.J. 17, 35 (1957), cited with approval in Jannarone v. W.T. Co., [supra, loc. cit] As the court said in Carlsen v. Carlsen, 49 N.J.Super. 130 (App.Div. 1958),

New Jersey public policy strongly favors settlements. See Judson v. Peoples Bank & Trust Co., 25 N.J. 17, 35 (1957) (holding that "it is the policy of law to encourage settlements); Honeywell v. Bubb, 130 N.J. Super. 130, 135 (App. Div. 1974) ("Embedded in our jurisprudence is the principle that the settlement of litigation ranks high in our public policy"); Jannarone v. W.T. Co., 65 N.J. Super. 472, 476-477 (App. Div. 1961), certif. denied,35 N.J. 61 (1961). "Courts will, therefore, 'strain to give effect to the terms of a settlement wherever possible.'" Bistricer v. Bistricer, 231 N.J. Super. 143, 147 (Ch. Div. 1987) (quoting Dep't of Pub. Advocate v. Bd. of Pub. Utils., 206 N.J. Super. 523, 528 (App. Div. 1985). Finality is also significant to a court's interests in efficiency and conserving public resources. Cap City Prods. Co. v. Louriero, 332 N.J. Super. 499, 508 (App. Div. 2000).

"An agreement to settle a lawsuit is a contract which, like all contracts, may be freely entered into and which a court, absent a demonstration of 'fraud or other compelling circumstances,' should honor and enforce as it does other contracts." Pascarella v. Bruck, 190 N.J. Super. 118, 124-125 (App. Div. 1983), certif. denied, 94 N.J. 600 (1983);see also Nolan v. Lee Ho, 120 N.J. 465, 472 (1990);New Jersey Mfrs. v. O'Connell, 300 N.J. Super. 1, 7 (App. Div. 1997),certif. denied,151 N.J. 75 (1997). "A contract arises from offer and acceptance and must be sufficiently definite 'that the performance to be rendered by each party can be ascertained with reasonable certainty.'" Weichert Co. Realtors v. Ryan, 128 N.J. 427, 435 (1992) (citing West Caldwell v. Caldwell, 26 N.J. 9, 24-25 (1958)). If the parties agree on essential terms, and manifest an intention to be bound by those terms, Courts must enforce the contract. Id.

In this matter the parties entered into a binding contract. Zelis did not agree to make its cooperation regarding discovery conditioned upon it withholding what **it** perceives are "trade secrets" or "sensitive information". If Zelis had any such concerns it should have insisted at the time of execution of the agreement that language be inserted into the agreement reflecting same.

To address the issue raised by Zelis counsel, Plaintiff has agreed to execute a Confidentiality Agreement and Protective Order. This offer has been rejected by counsel.

The issue of the pricing of the claim by Plaintiff to the Union goes to the very heart of the matter. It is necessary for Plaintiff to question how Zelis priced Plaintiffs claim and therefore, based upon that pricing, agree to a settlement of $140,000 with Plaintiff.

### POINT II

### THE COURT RULES REQUIRE THAT THE REQUESTED DISCOVERY BE PERMITTED

Our courts apply a standard of substantial liberality in providing access to information, documents and materials, favoring litigants' rights to "broad pretrial discovery." Payton v. New Jersey Turnpike Authority, 148 N.J. 524, 535, 691 A.2d 321 (1996) (citing Jenkins v. Rainner 69 N.J. 50, 56, 350 A.2d 473 (1976).  In general, a party may obtain material which "appears reasonably calculated to lead to the discovery of admissible evidence" pertaining to the cause of action. In re Liquidation of Integrity Ins. Co., 165 N.J. 75, 82, 754 A.2d 1177 (2000). Our court rules afford litigants the right to "obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. . ." R. 4:10-2(a). While not explicitly defined by our court rules, "relevant evidence" is defined as "evidence having any tendency in reason to prove or disprove any fact of consequence to the determination of the action." N.J.R.E. 401. However, the relevancy of documents and materials is not predicated upon their admissibility at trial; instead it is founded upon whether the information sought is "reasonably calculated to lead to admissible evidence respecting the cause of action or its defense." Pressler & Verniero, Current New Jersey

Rules Governing the Courts, comment 1 on R. 4:10-2(a) (2016). Thus, disclosure of inadmissible evidence is nonetheless required "if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." R. 4:10-2(a). Information which bears even a remote relevance to the subject matter of a cause of action is discoverable, if it is reasonably likely to lead to discovery of admissible evidence.

In this instance, the information being requested is both relevant and germane.

### POINT III

### PLAINTIFFS OFFER OF A CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER IS AN ADEQUATE REMEDY TO THE ZELIS OBJECTIONS

As a matter of practice, it is now common in complex litigation for parties to agree to restrict the use of documents exchanged during discovery, and to enter a stipulated protective order to enforce that agreement. 6 MOORE'S FEDERAL PRACTICE § 26.104[2] (3d ed. 2007). See e.g., Littlejohn v. BIC Corp., 851 F.2d 673, 676 (3d Cir. 1988) (parties agreed to, and the court ordered, a stipulated protective order restricting distribution of any information or documents designated confidential "solely for the purposes of preparing for trial of this action"). New Jersey courts recognize the propriety of such use restrictions during discovery and prior to the filing of substantive motions in a litigation, see, e.g., Estate of Frankl v. Goodyear Tire, 181 NJ. 1, 9-10 (2004), and stipulated protective orders including use restrictions are a regular part of practice in New Jersey state courts

Here, the Plaintiffs offer for a Confidentiality Agreement and Protective Order is in full consonance with the state of the law in New Jersey.

### POINT IV

### Plaintiff is Entitled to Attorney's Fees and Costs

An award of counsel fees rests within the sound discretion of the trial court. Van Horn v. Van Horn, 415 N.J. Super. 398, 408, (App. 2010). The threshold for the use of the court's inherent power to sanction a party is high, but the court may exercise that power against a party who has "acted in bad faith, vexatiously, wantonly or for oppressive reasons." Chambers v. Nasco, 501 U.S. 32, 45, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991). The actions of Asani as outlined are without merit and without any basis in law or in fact and has risen to the standard necessary for the court to impose sanctions in the form of payment of attorney fees and costs.

### CONCLUSION

For the foregoing reasons, the relief sought by Plaintiffs should be granted.

_____

Francis J DeVito Esq.

Francis J. DeVito, P.A.
250 Moonachie Road
Suite 305
Moonachie, New Jersey 07074
(201) 487-7575
Attorney for Plaintiff
I.D.#244461968

| | |
|---|---|
| Thomas R. Peterson, M.D., P.C.,<br><br>       Plaintiff,<br><br>vs.<br><br>Wine, Liquor and Distillery Workers Union, Local RD, Major Medical Plan, Cigna Health and Life Insurance Company, PHX, and Magna Care,<br><br>       Defendant(s). | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – BERGEN COUNTY<br><br>DOCKET NO.: BER-L-518-18<br><br>CIVIL ACTION<br><br><br>AGREEMENT |

  **WHEREAS,** suit was instituted by Peterson against Zelis Claims Integrity Inc. (f/k/a Premiere Healthcare Exchange, Inc. and formerly d/b/a PHX) (referred to hereinafter as "Zelis"), among others in Superior Court of New Jersey, Law Division, Docket Number L-000518-18 for failure to abide by the settlement offer made,

  **WHEREAS,** Zelis filed a motion to dismiss in that action for failure to state a claim upon which relief can be granted, which motion was granted without prejudice, with a right to reinstate the action within 20 days of the Court's Order, and

  **WHEREAS,** Zelis and Peterson have entered into settlement discussions between themselves, and those parties believe it is in their respective best interests to have this agreement entered into which, in general, shall provide that Peterson shall not reinstate his claim against Zelis in return for Zelis agreeing by this agreement to fully cooperate with Peterson regarding discovery.

215554833v1

**IT AGREED TO BY THE PARTIES AS FOLLOWS:**

1. Peterson agrees to not reinstate his claim against Zelis in the above referenced suit regarding the Mendoza bill, or file a new claim in any other action regarding the subject matter of this lawsuit.

2. Zelis agrees that it will respond in a timely manner as to any discovery demands served by Peterson and to produce discoverable documents sought therein.

3. Zelis also agrees to produce any witnesses in Zelis' control at a deposition or trial in this matter who would be required to be produced under the New Jersey Court rules. This shall include but not be limited to, producing at Peterson's request, a corporate designee of Zelis and any other witnesses permitted to be called under the New Jersey Court Rules, that are in the control of Zelis. Zelis agrees to produce any such witnesses to appear at the offices of Francis J. DeVito or any court where the matter is pending.

4. Zelis also agrees to respond in a timely matter to subpoenas for the production of documents.

5. Zelis agrees by this agreement to submit to the jurisdiction of the New Jersey courts for any action that may be necessary to enforce the terms of this agreement.

In Witness Whereof, the Parties hereto have caused this Agreement to be duly executed as of the day and year set forth

ZELIS CLAIMS INTEGRITY INC.

By: Michael S. Horn, Esq.
Attorney for Zelis Claims Integrity Inc.

2

215554833v1

Dr. Thomas Peterson

1/7/19

By: Francis J. DeVito Esq.
Attorney for Dr. Thomas R. Peterson

215773397v1

3

215554833v1

Francis J. DeVito, P.A.
250 Moonachie Road, Suite 305
Moonachie, NJ 07074
(201) 487-7575
Attorney for Plaintiff, Thomas R. Peterson, M.D., P.C.
I.D.#244461968

-------------------------------------------------x   SUPERIOR COURT OF NEW JERSEY
                                                                                       LAW DIVISION – BERGEN COUNTY

THOMAS R. PETERSON, M.D., P.C.,   DOCKET NO.:  BER-L-518-18

       PLAINTIFF,

V.                                                                                         CIVIL ACTION

CIGNA HEALTH AND LIFE   **SUBPOENA DUCES TECUM**
INSURANCE d/b/a CIGNA HEALTH   **AD   TESTIFICANDUM**
CARE, PHX, WINE LIQUOR AND   **OF JESSICA CONLAN C/O PHX**
DISTILLERY WORKERS LOCAL 1-D,
MAJOR MEDICAL PLAN, MAGNA
CARE, OLGA MENDOZA,
NATIONAL LABOR BENEFITS,

       DEFENDANT(S).

-------------------------------------------------x

To:    Jessica Conlan
         c/o PHX

MADAM:

       **YOU ARE HEREBY COMMANDED** to attend and give testimony before the above-named Court VIA Virtual on Monday, June 1, at **110:00 o'clock, A.M.,** on the part of the Plaintiff, Thomas R. Peterson, M.D. in the above entitled action.

       **YOU ARE FURTHER HEREBY COMMANDED** to bring with you and produce at the same time and place the documents described in **Schedule "A"** attached to this Subpoena Duces Tecum Ad Testificandum.

       The materials, which you are hereby commanded to produce, shall not be produced or released until the date specified herein. If you are notified that a motion to quash this Subpoena has been filed, you shall not produce or release the within Subpoenaed materials

until ordered to do so by the Court or you are notified that the release is consented to by all parties.

Failure to appear according to the command of this Subpoena will subject you to a penalty, damages in a Civil Suit, and punishment for contempt of Court.

Dated: May 5, 2020

                                          FRANCIS J. DEVITO, P.A.
                                          Attorneys for Plaintiff

                                          By: *Francis J. DeVito*
                                                Francis J. DeVito

## PROOF OF SERVICE

On _____, 2020, I, the undersigned, being over the age of 18, served the within Subpoena by delivering a copy thereof to the person named therein, at _____, and by tendering to such person the attendance fee of $ _____ and mileage of $ _____, as allowed by law.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:

## **SCHEDULE A**

1. Any and all communications, including emails, correspondence, text messages that in any way relate to the subject of the complaint.

2. Any and all communications between PHX and any party to the litigation, including but not limited to PHX, Wine Liquor and Distillery Workers Local, Cigna Health and Life Insurance, MagnaCare and National Labor Benefits, including emails, correspondence, text messages that in any way relate to the subject of the complaint.

3. Any pricing or repricing reports performed by PHX and/or Cigna regarding Olga Mendoza.

4. A copy of any Contract between PHX, Cigna and Wine.

5. Any writings or reports, either electronic or manual that references any facet of the surgery or payment.

6. A copy of the manual and/or standard used to re-price the surgery payment.

7. Any and all communications, including emails, correspondence, text messages that in any way relate to the subject of the complaint between PHX, Cigna, Wine and MagnaCare.

# Rosanna DiCarlo

| | |
|---|---|
| **From:** | Francis DeVito |
| **Sent:** | Thursday, May 28, 2020 12:10 PM |
| **To:** | Rosanna DiCarlo |
| **Cc:** | Francis DeVito |
| **Subject:** | Fwd: Peterson v. Cigna, et als |

I typed this reply on my phone
Typos are inevitable
Francis J DeVito Esq

---

**From:** Horn, Michael S. <mhorn@archerlaw.com>
**Sent:** Thursday, May 28, 2020 11:28:12 AM
**To:** Francis DeVito <fdevito@FDEVITOLAW.COM>
**Cc:** Pietrafesa, Gianfranco A. <gpietrafesa@archerlaw.com>
**Subject:** Peterson v. Cigna, et als

Mr. DeVito

This shall confirm our conversation today regarding the dispute we are having regarding the scope of documents that are discoverable in response to the subpoena. The heart of our issue is that pricing and internal proprietary information that makes my client competitive is highly sensitive and cannot be disclosed. The level of sensitivity requires that we protect this sensitive information from exposure to anyone outside of a few employees at the company. Even an agreement between the parties to this lawsuit will not solve the problem. Even the accidental dissemination of such information will have an adverse impact on my client which could impact their ability to compete in the marketplace.

You have indicated over the phone that you disagree with that position. At least, we agree that a judge will need to resolve the issue. To save judicial resources, we have agreed that you will file a motion and we will file a cross motion for a protective order. This saves the court from having to read two separate motions, two separate oppositions and two separate replies. In the meantime, you have indicated that you wish to adjourn the deposition.

I believe this is a good faith dispute regarding the permissible scope of discovery and it is a common issue that courts often need to decide on a case-by-case basis.

Thank you.

Michael S. Horn

**Michael S. Horn, Esq.**

Archer & Greiner P.C
Court Plaza South, West Wing
21 Main Street, Suite 353
Hackensack, NJ 07601
201-498-8529

630 Third Avenue, 7th Floor
New York, NY 10017
212-682-4940
mhorn@archerlaw.com

1

www.archerlaw.com



INFORMATION CONTAINED IN THIS E-MAIL TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS EMAIL, DO NOT READ, DISTRIBUTE OR REPRODUCE THIS TRANSMISSION (INCLUDING ANY ATTACHMENTS). IF YOU HAVE RECEIVED THIS E-MAIL IN ERROR, PLEASE IMMEDIATELY NOTIFY THE SENDER BY TELEPHONE OR EMAIL REPLY.